IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

WILLIAM S. BOYD,

                   Plaintiff,

     v.

WARREN ROBERTS, et al.,

                   Defendants.

Case No. 2:24-cv-00616-AN

ORDER

NELSON, District Judge.

      This prisoner civil rights case comes before the Court on Plaintiff's Motion for Default (#28). Plaintiff asks the Court to find Defendants in default for not answering his Complaint, and to also enter a judgment in his favor. He provides an Affidavit (#29) in which he concludes that he has suffered damages totaling $450,000.

      "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). If default is established and entered in the record, the Court can then enter a default judgment under Fed. R. Civ. P. 55(b). The decision whether to grant default judgment rests within the "sound discretion of the District Court." *Enron Oil Corp.*

1 - ORDER

*v. Diakuhara*, 10 F.3d 90, 95-96 (2d Cir. 1993). The Ninth Circuit has emphasized that entry of a default judgment is a "drastic step appropriate only in extreme circumstances." *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984). Whenever possible, a case should be decided on its merits. *Id.*

Plaintiff filed his Amended Complaint (#6) in this case on June 6, 2024. On August 14 2024, all Defendants waived service of summons except for Defendant Cox whom Plaintiff identifies as an employee of NaphCare, Inc. Amended Complaint (#6), ¶ 4. Because Defendant Cox did not waive service in this matter, and as Plaintiff is an *in forma pauperis* litigant, the Court issued an Order (#17) directing: (1) Plaintiff to fill out and return various service paperwork; and (2) the U.S. Marshals Service ("USMS") to accomplish service on Plaintiff's behalf.

On September 17, 2024, the Court received Plaintiff's service paperwork. The Clerk therefore issued a Summons as to Defendant Cox and forwarded the appropriate paperwork to the USMS for service. On September 23, 2024, the USMS filed an executed Return of Service (#25) showing that service had been accomplished as to Defendant Cox. The Court therefore set October 9, 2024 as the due date for Defendant Cox's answer. Defendant Cox did not, however, file an answer or any other responsive pleading with the Court.

In response to Plaintiff's pending Motion seeking entry of default, Defendant Cox makes a special appearance to contest the legality of service. He points out that the Deputy Marshals who accomplished service did not personally serve Defendant Cox and, instead, served an "Exec. Support Specialist" employed by the Oregon Department of Corrections ("ODOC") who is not authorized to waive service on behalf of Defendant Cox. The failure of the USMS to properly

2 - ORDER

serve Defendant Cox did not vest this Court with jurisdiction over him under Fed. R. Civ. P. 4, and Cox was under no obligation to answer the Amended Complaint. Accordingly, default as to Defendant Cox is not appropriate. The USMS is directed to remedy the service error and provide the Court with proof of proper service within 10 days.

## **CONCLUSION**

Plaintiff's Motion for Default (#28) is denied due to improper service by the USMS. Within TEN days of the date of this Order, the USMS is DIRECTED to properly serve Defendant Cox and provide the Court with proof of proper service.

The Clerk is DIRECTED to forward a courtesy copy of this Order to the United States Marshal.

IT IS SO ORDERED.

1/28/2025
DATE

Adrienne Nelson
United States District Judge

3 - ORDER