IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| WILLIAM S. BOYD, <br><br> Plaintiff, <br> v. <br><br> WARREN ROBERTS, PATRICK MANEY, and TLC COMMITTEE BOARD, <br><br> Defendants. | Case No.: 2:24-cv-00616-AN <br><br><br> OPINION AND ORDER |

Plaintiff William S. Boyd brings this action against defendants Warren Roberts ("Roberts"), Patrick Maney ("Maney"), and the TLC Committee Board ("TLC Committee"),[1] seeking injunctive relief and damages for alleged violations of his civil rights under 42 U.S.C. § 1983.[2] On March 28, 2025, plaintiff filed a motion for preliminary injunction. For the following reasons, plaintiff's motion is DENIED.

## LEGAL STANDARDS

A preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). A plaintiff moving for a preliminary injunction must show that (1) the plaintiff is "likely to succeed on the merits"; (2) the plaintiff is "likely to suffer irreparable harm in the absence of preliminary relief"; (3) the "balance of equities" tips in plaintiff's favor; and (4) "an injunction is in the public

---

[1] In the caption of the complaint, plaintiff names "TLC COMMITTEE BOARD, ET AL." Compl., ECF [1]. In the body of the complaint, plaintiff lists the entity "TLC COMMITTEE BOARD, ET AL (ODOC)" and individually lists the following alleged members of the TLC Committee Board: "Doctor Beamor," "Davies," "Drollinger," "Doctor Evers," "Patrick Maney, NP," "Meying," "Peh," "Doctor Bristol," "Bailey," "White," "Doctor Dornbusch," "Pinkham," and "R. Owens TRCI." *Id.* ¶¶ 7-19. It is not clear whether plaintiff intends to sue the TLC Committee Board as an entity or whether he intends to sue each individual member. The caption of the complaint must, however, name all parties. Fed. R. Civ. P. 10(a). Accordingly, the Court considers plaintiff's claims only as alleged against the TLC Committee Board as an entity, and not against the individual members who are not otherwise individually named in the caption of the complaint.

[2] Plaintiff initially named a fourth defendant, Charles Cox, but later voluntarily dismissed him from the action. *See* Pl. Mot. to Dismiss Charles Cox, ECF [59]; Order of May 9, 2025, ECF [98].

1

interest." *Winter*, 555 U.S. at 20. In the Ninth Circuit, "'serious questions going to the merits' and a hardship balance that tips sharply toward the plaintiff can support issuance of an injunction, assuming the other two elements of the *Winter* test are also met." *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1132 (9th Cir. 2011).

When a party asks the court to issue a mandatory injunction, which is a type of injunction that requires the enjoined party to "take affirmative action," the request is subject to a heightened standard that requires the requesting party to show that "the law and facts *clearly favor* [their] position, not simply that [they are] likely to succeed." *Garcia v. Google, Inc.*, 786 F.3d 733, 740 (9th Cir. 2015) (en banc) (emphasis in original).

## BACKGROUND

**A.     Factual Background**

Plaintiff alleges the following facts. Plaintiff is an adult in custody at Two Rivers Correctional Institution ("TRCI") and a dialysis patient who was diagnosed with end stage renal failure prior to his incarceration. Am. Compl., ECF [6], at 1-2 (all references to ECF pagination). He has received dialysis treatment at TRCI since August of 2021. *Id.* at 6.

Plaintiff requested evaluation for a kidney transplant from his nephrologist, Dr. Seth Thaler ("Dr. Thaler"). *Id.* Thaler wrote an order referring plaintiff to the OHSU Transplant Program. *Id.* at 7. Plaintiff's medical file includes a note by Thaler dated December 13, 2022, which mentions the referral. *Id.* Plaintiff expected to see Maney, a nurse practitioner at TRCI, after the referral, but he did not see any provider about his transplant referral for nearly a year. *Id.* at 4, 7. Plaintiff alleges that Maney "signed off on the order" but forgot it was written and never presented it to the TLC Committee, which determines whether incarcerated persons receive care at providers outside of TRCI. *Id.* at 7, 11.

Plaintiff asked Dr. Thaler and Charles Cox, a nurse manager, why he had not begun transplant testing, and they advised him to pursue the issue through the grievance process. *Id.* at 7. Before doing so, plaintiff wrote to Maney stating that he had been waiting a year for the transplant testing. *Id.* Maney did not respond. *Id.* Plaintiff filed a grievance on November 16, 2023. *Id.* On December 11, 2023,

R. Owens, a nurse manager at TRCI, responded that testing would begin as soon as "orders are received from OHSU kidney transplant team" and "prior to [p]laintiff being placed on the kidney transplant list." *Id.* at 8. Plaintiff told Dr. Thaler about this response, and Thaler informed him that OHSU could not issue any orders without a referral. *Id.*

Plaintiff filed another grievance on December 11, 2023. *Id.* This time, Roberts responded, stating that plaintiff would have an appointment with Maney. *Id.* At that appointment, which occurred in January of 2024, plaintiff asked Maney why a meeting wasn't held soon after the referral, and Maney "responded that he must have forgot." *Id.* Maney also told plaintiff that TRCI "does not recommend patients for transplant," and that although Maney was on the TLC Committee "he did not know what to do." *Id.* at 8-9.

Plaintiff wrote a communication to R. Owens stating that Dr. Thaler "said [p]laintiff's life expectancy is [sixty percent] of any [eighty]-year-old man and was concerned that Patrick Maney . . . still HAD NOT referred [p]laintiff to [the] OHSU Transplant Program like he should have." *Id.* at 9. He received a "communication form from TRCI" stating "that they didn't know of any upcoming meeting with TLC Committee." *Id.* Plaintiff then sent a final appeal. *Id.* He received a response on March 12, 2024, from the Assistant Director of Health stating that he would see Maney again. *Id.* On February 27, 2024, plaintiff was informed that the TLC Committee had determined that he would continue dialysis treatment and would not be referred to OHSU's Transplant Program. *Id.*

Plaintiff alleges that although the TLC Committee "is ostensibly a committee," it is typically Roberts alone who decides whether inmates will receive treatment. *Id.* at 10-11. Plaintiff alleges that the TLC Committee aims to keep the percentage of cases in which inmates require off-site medical care below one percent, and that Roberts denied his transplant referral pursuant to this practice. *Id.* at 11. Plaintiff asserts that by remaining on the less efficacious dialysis treatment rather than receiving a transplant, he must experience painful dialysis, a diminished quality of life, and a significantly reduced life expectancy. *Id.* at 12. Plaintiff states that he is aware of instances in which other TRCI inmates have received kidney transplants. *Id.*

3

## DISCUSSION

Plaintiff asks the Court to "requir[e] the [transplant] referral to be processed." Pl. Mot. Prelim. Inj. Relief ("Pl. Mot."), ECF [69], at 3. Because he asks the Court to require that defendants take affirmative action, *i.e.*, to approve and send the transplant referral to the outside hospital, he is subject to the heightened mandatory injunction standard.

Plaintiff argues that he is likely to succeed on the merits because Maney violated his Eighth Amendment rights by "blocking" the transplant referral; he faces irreparable harm from delayed transplant eligibility; the hardships tip in his favor because the transplant could save his life, while it costs defendants nothing to forward the referral; and the public interest favors providing access to medical care for prisoners. Pl. Mem. Supp. Mot., ECF [71], at 2-3.

Because "[t]he first factor under *Winter* is the most important," the Court begins its analysis with whether plaintiff is "clearly favor[ed]" to succeed on the merits. *Garcia*, 786 F.3d at 740. Courts in the Ninth Circuit analyze Eighth Amendment deliberate indifference to medical needs claims using a two-part test. *Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th Cir. 2012) (quoting *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006)). "'First, the plaintiff must show a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain. Second, the plaintiff must show the defendant's response to the need was deliberately indifferent.'" *Id.* (quoting *Jett*, 439 F.3d at 1096). To satisfy the second prong, a plaintiff must show "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." *Id.* (quoting *Jett*, 439 F.3d at 1096). "Inadvertent failures to provide adequate medical care, mere negligence or medical malpractice, delays in providing care (without more), and differences of opinion over what medical treatment or course of care is proper, are all insufficient to constitute an Eighth Amendment violation." *Toliver v. Cain*, No. 2:21-cv-01232-JR, 2022 WL 561983, at *2 (D. Or. Feb. 24, 2022) (collecting cases).

Plaintiff's allegations do not clearly favor a finding that defendants purposefully failed to respond to his medical need, rather than engaging in inadvertent failure, negligence, or delay without more.

4

Plaintiff plausibly alleges that defendants either forgot to put his referral forward before the TLC Committee or deliberately refused to make a necessary referral to the external transplant evaluation program. The former is an inadvertent failure, and the latter is a purposeful failure to respond to his medical need. Considering that plaintiff's own allegations provide that either inadvertent or purposeful failure is here plausible, the Court cannot say that the law and facts "clearly favor" plaintiff's position, as the high standard for a mandatory injunction requires. Accordingly, the motion is denied.

## CONCLUSION

For the foregoing reasons, plaintiff's Motion for Preliminary Injunctive Relief, ECF [69], is DENIED.

IT IS SO ORDERED.

DATED this 18th day of September, 2025.

*Adrienne Nelson*
Adrienne Nelson
United States District Judge