IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| WILLIAM S. BOYD,<br><br>        Plaintiff,<br>  v.<br><br>WARREN ROBERTS, PATRICK MANEY, and TLC COMMITTEE BOARD,<br><br>        Defendants. | Case No.: 2:24-cv-00616-AN<br><br>OPINION AND ORDER |

        Self-represented plaintiff William S. Boyd brings this action against defendants Warren Roberts ("Roberts"), Patrick Maney ("Maney"), and the Therapeutic Levels of Care Committee Board ("TLC Committee"),[1] seeking injunctive relief and damages for alleged violations of his civil rights under 42 U.S.C. § 1983.[2] The Court appointed *pro bono* counsel for plaintiff on September 3, 2025, and appointed counsel requested termination of the appointment due to capacity on September 11, 2025. That request remains pending before the Court.

        Plaintiff has filed three successive motions for leave to amend the complaint, as well as voluminous supplemental pleadings. Defendants filed a motion to strike certain of plaintiff's supplemental pleadings. For the following reasons, plaintiff's motions for leave to amend are DENIED with leave to renew within sixty (60) days of the date that appointment of *pro bono* counsel is accepted, and defendants'

---

[1] In the caption of the complaint, plaintiff names "TLC COMMITTEE BOARD, ET AL." Compl., ECF [1]. In the body of the complaint, plaintiff lists the entity "TLC COMMITTEE BOARD, ET AL (ODOC)" and individually lists the following alleged members of the TLC Committee: "Doctor Beamor," "Davies," "Drollinger," "Doctor Evers," "Patrick Maney, NP," "Meying," "Peh," "Doctor Bristol," "Bailey," "White," "Doctor Dornbusch," "Pinkham," and "R. Owens TRCI." *Id.* ¶¶ 7-19. It is not clear whether plaintiff intends to sue the TLC Committee Board as an entity or whether he intends to sue each individual member. The caption of the complaint must, however, name all parties. Fed. R. Civ. P. 10(a). Accordingly, the Court considers plaintiff's claims only as alleged against the TLC Committee as an entity, and not against the individual members who are not otherwise individually named in the caption of the complaint.

[2] Plaintiff initially named a fourth defendant, Charles Cox, but later voluntarily dismissed him from the action. *See* Pl. Mot. to Dismiss Charles Cox, ECF [59]; Order of May 9, 2025, ECF [98]. All references to "defendants" in this Opinion and Order include only the remaining named defendants in the operative complaint: Roberts, Maney, and the TLC Committee.

1

motion is DENIED.

## LEGAL STANDARDS

**A.     Pleadings**

　　1.     *Amending Pleadings*

A party may amend its pleading once as a matter of course within certain time parameters. Fed. R. Civ. P. 15(a)(1). Otherwise, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id.* In deciding whether to give leave to amend, courts in the Ninth Circuit consider five factors: "bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004). Of these factors, "[t]he consideration of prejudice to the opposing party carries the greatest weight." *Sonoma Cnty. Ass'n of Retired Emps. v. Sonoma County*, 708 F.3d 1109, 1117 (9th Cir. 2013). Additionally, "futility of amendment alone can justify the denial of a motion [for leave to amend]." *Ahlmeyer v. Nev. Sys. of Higher Educ.*, 555 F.3d 1051, 1055 (9th Cir. 2009). Ultimately, a "trial court's discretion to deny [a motion for leave to amend] is particularly broad where . . . a plaintiff previously has been granted leave to amend." *Griggs v. Pace Am. Grp., Inc.*, 170 F.3d 877, 879 (9th Cir. 1999).

Courts must issue a scheduling order in each case which includes a deadline to amend the pleadings. Fed. R. Civ. P. 16(b). The "schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). As a result, when a motion to amend is filed after the deadline to amend the pleadings, the court must consider the requirements of both Federal Rules of Civil Procedure 15(a) and 16(b)(4). "Good cause" is primarily determined by "the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).

　　2.     *Supplementing Pleadings*

Under Rule 15(d), the court may permit a party, "on motion and reasonable notice[, and] on just terms" to "serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." "'Rule 15(d) permits the filing of a

2

supplemental pleading which introduces a cause of action not alleged in the original complaint and not in existence when the original complaint was filed.'" *Cabrera v. City of Huntington Park*, 159 F.3d 374, 382 (9th Cir. 1998) (quoting *U.S. for Use of Atkins v. Reiten*, 313 F.2d 673, 674 (9th Cir. 1963)).

3. *Joining Additional Defendants*

Federal Rule of Civil Procedure 20 permits a court, "[o]n motion or on its own, [and] on just terms, [to] add or a drop a party." A defendant may appropriately be joined to other defendants in an action if "([1]) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and ([2]) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 21(a)(2).

4. *Striking Pleadings*

Federal Rule of Civil Procedure 12(f) permits a court to "strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter," either on its own or on motion made by a party before filing a responsive pleading or, of no response is allowed, within twenty-one days after being served with the pleading. Generally, "[m]otions to strike are disfavored and infrequently granted." *Legal Aid Servs. of Or. v. Legal Servs. Corp.*, 561 F. Supp. 2d 1187, 1189 (D. Or. 2008) (citations omitted). "'A motion to strike should not be granted unless it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation.'" *Biggs v. City of St. Paul*, No. 6:18-cv-506-MK *et al*, 2019 WL 1114868, at *1 (D. Or. Mar. 8, 2019) (quoting *Contreras ex rel Contreras v. County of Glen*, 725 F. Supp. 2d 1157, 1159 (E.D. Cal. 2010)).

**B.     Self-Represented Litigants**

Pleadings filed by self-represented litigants "are held to a less stringent standard than those drafted by lawyers." *Graves v. Nw. Priority Credit Union*, No. 3:20-cv-00770-JR, 2020 WL 8085140, at *2 (D. Or. Dec. 12, 2020) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). "In cases involving a [self-represented] plaintiff, the court construes the pleadings liberally and affords the plaintiff the benefit of any doubt." *Kali v. Bulk Handling Sys.*, No. 6:18-cv-02010-AA, 2019 WL 1810966, at *4 (D. Or. Apr. 23, 2019) (citing *Wolfe v. Strankman*, 392 F.3d 358, 392 (9th Cir. 2004)).

3

## BACKGROUND

**A.    Factual Background**

Plaintiff alleges the following facts. Plaintiff is an adult in custody ("AIC") at Two Rivers Correctional Institution ("TRCI") and a dialysis patient who was diagnosed with end stage renal failure prior to his incarceration. Am. Compl., ECF [6], at 1-2 (all references in this Opinion and Order to ECF pagination). He has received dialysis treatment at TRCI since August of 2021. *Id.* at 6.

Plaintiff requested evaluation for a kidney transplant from his nephrologist, Dr. Seth Thaler ("Dr. Thaler"). *Id.* Dr. Thaler wrote an order referring plaintiff to the Oregon Health & Science University ("OHSU") Transplant Program. *Id.* at 7. Plaintiff's medical file includes a note by Dr. Thaler dated December 13, 2022, which mentions the referral. *Id.* Plaintiff expected to see TRCI Nurse Practitioner Patrick Maney ("Maney") after the referral, but he did not see any provider about his transplant referral for nearly a year. *Id.* at 4, 7. Plaintiff alleges that Maney "signed off on the order" but forgot it was written and never presented it to the TLC Committee, which determines whether AICs receive care from providers outside of TRCI. *Id.* at 7, 11.

Plaintiff asked Dr. Thaler and Charles Cox ("Cox"), a nurse manager, why he had not begun transplant testing, and they advised him to pursue the issue through the grievance process. *Id.* at 7. Before doing so, plaintiff wrote to Maney stating that he had been waiting a year for the transplant testing. *Id.* Maney did not respond. *Id.* Plaintiff filed a grievance on November 16, 2023. *Id.* On December 11, 2023, R. Owens, a nurse manager at TRCI, responded that testing would begin as soon as "orders are received from OHSU kidney transplant team" and "prior to [p]laintiff being placed on the kidney transplant list." *Id.* at 8. Plaintiff told Dr. Thaler about this response, and Dr. Thaler informed him that OHSU could not issue any orders without a referral. *Id.*

Plaintiff filed another grievance on December 11, 2023. *Id.* Roberts responded, stating that plaintiff would have an appointment with Maney. *Id.* At that appointment, which occurred in January of 2024, plaintiff asked Maney why a meeting wasn't held soon after the referral, and Maney "responded that he must have forgot." *Id.* Maney also told plaintiff that TRCI "does not recommend patients for

4

transplant," and that although Maney was on the TLC Committee "he did not know what to do." *Id.* at 8-9.

Plaintiff wrote a communication to R. Owens stating that "Dr. [] Thaler said [p]laintiff's life expectancy is [sixty percent] of any [eighty]-year-old man and was concerned that [] Maney[] still HAD NOT referred [p]laintiff to [the] OHSU Transplant Program like he should have." *Id.* at 9 (capitalization in original). He received a "communication form from TRCI" stating "that they didn't know of any upcoming meeting with TLC Committee." *Id.* Plaintiff then sent a final appeal. *Id.* He received a response on March 12, 2024, from the Assistant Director of Health stating that he would see Maney again. *Id.* On February 27, 2024, plaintiff was informed that the TLC Committee had determined that plaintiff would continue dialysis treatment and would not be referred to OHSU's Transplant Program. *Id.*

Plaintiff alleges that although the TLC Committee "is ostensibly a committee," it is typically Roberts alone who decides whether inmates will receive treatment. *Id.* at 10-11. Plaintiff alleges that the TLC Committee aims to keep the percentage of cases in which inmates require off-site medical care below one percent, and that Roberts denied his transplant referral pursuant to this practice. *Id.* at 11. Plaintiff asserts that by remaining on the less efficacious dialysis treatment rather than receiving a transplant, he must experience painful dialysis, a diminished quality of life, and a significantly reduced life expectancy. *Id.* at 12. Plaintiff states that he is aware of instances in which other TRCI inmates have received kidney transplants. *Id.*

**B.    Procedural Background**

Plaintiff filed his initial complaint on April 11, 2024, naming as defendants Roberts, Maney, the TLC Committee, and Cox. Compl., ECF [1]. On May 14, 2024, the Court ordered plaintiff to show cause why this case should not be dismissed as duplicative of another case he filed, *Boyd v. Reyes, et al.*, No. 2:23-cv-01284-AN ("*Boyd v. Reyes*"), which is also related to the dialysis care he receives from TRCI and NaphCare, Inc. Order of May 14, 2024, ECF [4]. Plaintiff responded by filing the first amended complaint, which alleges that the *Boyd v. Reyes* litigation does "not pertain[] to the issues complained of in this civil action." Am. Compl. ¶ 23. Defendants filed their answer to the first amended complaint on

October 14, 2024. Answer to Am. Compl., ECF [26]. Cox moved to dismiss the amended complaint, Cox Mot. to Dismiss, ECF [37], and defendants joined in the motion, Defs. Mot. for Joinder to Mot. to Dismiss, ECF [41].

Plaintiff has filed three separate motions relating to amendment of the operative complaint, as well as voluminous supplemental pleadings and other filings in support. Plaintiff first moved for leave to amend on February 18, 2025, and attached a proposed second amended complaint. Pl. 1st Mot. for Leave to Amend ("Pl. 1st Mot."), ECF [39]. The first motion for leave to amend states that plaintiff discovered "new evidence" related to his claims, including evidence showing "Joe Bugher's ["Bugher"] direct involvement in critical decisions that delayed necessary transplant evaluations and treatments." *Id.* at 2. The attached proposed second amended complaint adds Bugher as a defendant and sets forth additional allegations as to Bugher's involvement. *See id.* at 12. It also includes new allegations regarding plaintiff being hospitalized in January and February 2025 due to Roberts and Bugher's failure to provide safe and appropriate dialysis and cardiac care. *Id.* at 18-19. Neither the Oregon Department of Corrections ("ODOC") nor Dr. Thaler are named as defendants in this version of the proposed second amended complaint, but plaintiff nonetheless purports to bring a negligence claim against ODOC, alleging that it withheld medically necessary treatment that Dr. Thaler ordered for plaintiff. *Id.* at 27-29. In addition to the motion and proposed second amended complaint, plaintiff filed many supplemental pleadings. *See* ECF [48], [49], [50], [51], [52], [53], [54], [55], [56], [57].

Plaintiff then moved to voluntarily dismiss Cox. Pl. Mot. to Release Cox as Def., ECF [59]. Thereafter, defendants moved to strike plaintiff's voluminous supplemental pleadings. Mot. to Strike, ECF [61], at 4. In the motion to strike, defendants objected to plaintiff's first motion for leave to amend, arguing that plaintiff sought amendment only in an improper attempt "to nullify" Cox's motion to dismiss. *Id.* at 2.

Without waiting for a decision on his first motion, plaintiff filed a second motion for leave to amend the complaint on March 19, 2025, along with a new version of the proposed second amended

complaint (the "second version of the proposed second amended complaint"[3]). Pl. 2d Mot. for Leave to Amend ("Pl. 2d Mot."), ECF [63]. In these versions, plaintiff removes Cox as a defendant but retains the additional allegations set forth in the first version of the proposed second amended complaint. *See id.* at 2-3, 5, 19-20. He also includes additional allegations regarding the TLC Committee, Roberts, and Bugher's roles. *See id.* at 20-22, 27-30. As in the prior version, the second version of the proposed second amended complaint does not name ODOC as a defendant but nonetheless purports to bring a negligence claim against it. *Id.* at 31-32. In addition to the second motion and second version of the proposed second amended complaint, plaintiff also filed more supplemental pleadings, "Affidavits of Harm," and exhibits not associated with any particular motion or filing. *See* ECF [72], [75], [78], [83], [84], [86], [102], [103], [104], [105], [106], [107], [117].

        On June 16, 2025, with the prior two motions still pending, plaintiff filed a third motion for leave to amend to join ODOC as a defendant, as well as a third version of the proposed second amended complaint. Pl. 3d Mot. for Leave to Amend ("Pl. 3d Mot."), ECF [126]. The third version of the proposed second amended complaint includes new allegations, not in the operative complaint, pertaining to both ODOC and other proposed defendants. *See id.* at 5-8. However, the third version of the proposed second amended complaint is significantly shorter than the previous versions and includes significantly fewer allegations. In addition to the third motion and third version of the proposed second amended complaint, plaintiff also filed more supplemental pleadings, exhibits, and briefing, ECF [127], [128], [131]. Among the supplemental pleadings is a filing captioned "Supplemental Pleading to the [Proposed] Fourth Ame[n]ded Complaint Against the Oregon Department of Corrections," ECF [128], which purports "to clarify and assert an independent Monell claim against [ODOC]" pursuant to Rule 15(d).

        This Court last modified the case management scheduling order on March 4, 2025, and, in

---

[3] For clarity, the Court notes that plaintiff captions the proposed complaint attached to the second motion for leave to amend as a "(Proposed) Third Amended Complaint." Because there was no operative second amended complaint, however, the Court considers the proposed complaint attached to the second motion for leave to amend to be a second version of plaintiff's proposed second amended complaint. Likewise, plaintiff captions the proposed complaint attached to the third motion for leave to amend as a "(Proposed) Fourth Amended Complaint," and the Court considers it to be a third version of the proposed second amended complaint.

relevant part, set the deadline to amend the pleadings as March 28, 2025. Order of March 4, 2025, ECF [46].

## DISCUSSION

**A.     Motions for Leave to Amend and Proposed Second Amended Complaints**

Plaintiff filed multiple motions for leave to amend and proposed second amended complaints without waiting to receive a ruling on the prior motions. It is well settled law that "[t]here can only be one operative complaint." *Griffin v. Herzog*, No. 3:17-cv-5394 RBL-TLF, 2017 WL 3503333, at *2 (W.D. Wash. Aug. 16, 2017); *see, e.g.*, *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967) (collecting cases) ("[An] amended complaint supersedes the original, the latter being treated thereafter as non-existent."), *overruled in part on other grounds by Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012); *Hal Roach Studios, Inc. v. Richer Feiner and Co.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("The fact that a party was named in the original complaint is irrelevant; an amended pleading supersedes the original."); Local R. 15-1(a)(3) ("An amended or supplemental pleading may not incorporate by reference any part of the prior pleading, including exhibits."). It follows that there can only be one operative proposed complaint, as the Court must know which proposed complaint would supersede the operative complaint. Furthermore, the "operative complaint must contain all claims, attachments, and requests for relief that Plaintiffs wish the Court to consider." *Varner v. Strawter*, No. 2:24-cv-00537-JAD-DJA, 2024 WL 1606997, at *1 (D. Nev. Apr. 12, 2024). In a similar vein, Local Rule 7-1(c) requires that a motion be supported by one legal memorandum, combined as a single document.

Plaintiff's successive pleadings render difficult the question before the Court. On the one hand, the Court might interpret plaintiff's successive pleadings as successive attempts to set forth his desired claims, *i.e.*, as reflecting an intention that the last-filed motion for leave to amend and attached third version of the proposed second amended complaint be considered the operative motion and version. On the other hand, based on the variation between the various defendants named, allegations made, and claims presented in the various motions, versions of the proposed second amended complaint, and supplemental pleadings,

8

it instead appears that plaintiff intends the successive versions to rely upon the allegations within the previous versions and the currently operative complaint. Even when construing plaintiff's pleadings liberally, it is simply unclear to the Court exactly what plaintiff seeks to allege and against whom plaintiff seeks to allege it. As such, the Court denies plaintiff's motions for leave to amend the complaint.

However, considering plaintiff's self-represented status, the ongoing effort to appoint plaintiff *pro bono* counsel, and the lack of clarity regarding defendants' position on amendment,[4] the Court *sua sponte* grants plaintiff leave to renew the motion after the appointment of *pro bono* counsel is accepted. Any such renewed motion for leave to amend should be filed within sixty days of the date that appointment of *pro bono* counsel is accepted. Plaintiff may attach a new proposed second amended complaint to that renewed motion.

**B.     Motion to Strike**

Defendants' motion to strike is denied. Defendants move to strike the supplemental pleadings plaintiff submitted in support of his first motion for leave to amend, which generally purport to add and clarify claims against defendants. Defendants, however, primarily categorize these supplemental pleadings as "declarations," and argue that they should be stricken as improper because they are not incorporated in the operative complaint or first version of the proposed second amended complaint and thus inappropriately attempt to belatedly modify the first version of the proposed second amended complaint. Defendants do not explain why these filings are "redundant, immaterial, impertinent, or scandalous." Fed. R. Civ. P. 12(f).

The Court also takes this opportunity to remind defendants that under Local Rule 7-1(b), motions may not be combined with any response, reply, or other briefing. As such, it was not proper to

---

[4] It is not clear whether defendants oppose plaintiff's motion. Defendants did not file a response in opposition to any of plaintiff's motions for leave to amend. However, defendants did object to plaintiff's first motion for leave to amend via an objection lodged within their motion to strike. To the extent defendants intend for the motion to strike to also serve as a response in opposition to plaintiff's first motion for leave to amend, this is improper. Under Local Rule 7-1(b), "[m]otions may not be combined with any response[.]" Additionally, under Local Rule 7-1(e)(1), any response to a motion, other than a motion for summary judgment, must be filed within fourteen days after service of the motion in question. Here, plaintiff filed the first motion for leave to amend on February 18, 2025, and defendants filed the motion to strike on March 17, 2025. No extension of the deadline to respond was requested.

include within the motion to strike a second of argument regarding an unrelated motion to dismiss.

## CONCLUSION

For the foregoing reasons, plaintiff's Motions for Leave to File Amended Complaint, ECF [39], [63], and [126], and defendants' Motion to Strike, ECF [61], are DENIED. The Court *sua sponte* GRANTS plaintiff leave to file a renewed motion for leave to file a second amended complaint after the appointment of *pro bono* counsel is accepted. Any such renewed motion must be filed within sixty (60) days of the date that appointment of *pro bono* counsel is accepted and should address the applicable factors relating to amendment under Rule 15(a) and whether and why there is good cause to allow amendment under Rule 16(b)(4). The renewed motion may attach a new proposed version of the second amended complaint.

IT IS SO ORDERED.

DATED this 29th day of September, 2025.

*Adrienne Nelson*
Adrienne Nelson
United States District Judge